MOISE, Justice.
This suit was instituted by relator to compel the Bossier Parish School Board by mandamus to employ her as a teacher in the public schools of that parish for the school year 1948-1949.
Relator had been a permanent teacher in the Bossier Parish public school system and became 70 years of age on April 19, 1948, and continued to perform her duties as a teacher in that system until the close of the then current year. Pursuant to Section *881 5 of Act 83 of 1936, as amended by Act 316 of 1940, Act 202 of 1944, and Act 44 of 1946, Dart’s Statutes 2404.5 (1) (b), the School Board at its meeting on July 1, 1948, authorized the Superintendent to request permission from the Board of Trustees, Teachers’ Retirement System of Louisiana, for Miss Tison to continue in the parish school system during the school year 1948-1949. Before this approval was obtained, Act 496 of 1948 went into effect, Section 3 of which, amending and re-enacting Section 5 of all the aforementioned acts, became effective as of July 1, 1948. Permission for Miss Tison to continue teaching was refused on the ground that her retirement at the end of the school year during which she had reached 70 years of age was mandatory. The District Court was of the same opinion, and from its adverse judgment, relator Maude Tison has appealed.
Act 83 of 1936, as amended by Act 316 of 1940, Act 202 of 1944 and Act 44 of 1946, provided in part as follows: “Any member in service who has attained the age of seventy years shall be retired forthwith provided that with the approval of his employer he may remain in service until the end of the school year folloveing the date on which he attains the age of seventy years, provided, that with the approval of the Board of Trustees and on the request of a member and his employer, any member who. has attained or shall attain the age of seventy years may be continued in service for a period of two years following-each such request.” (Italics mine.)
This Section was amended and re-enacted by Section 3 of Act 496 of 1948 to read' as follows: (Section 5 (1) (d)) “Any member in service who has attained the age of seventy years shall be retired fortlvwith, provided that with the approval of his employer he may remain in service until. the end of the school year following the-date on which he attains the age of seventy years, and further provided that beginning September 1, 1950, the foregoing age shall decrease one year on each anniversary thereafter until the mandatory age shall be sixty-five, which -age shall continue in force thereafter as the mandatory retirement-age.” (Italics mine.)
Relator argues that “end of the school' year following the date on which he attains the age of seventy years” means the end of the school year subsequent to the school year during which the teacher has attained 70 years of age, and that once the School Board signified by resolution its willingness to re-employ her it was required to do so. We, however, are. in accord with the district judge’s interpretation of this-provision of the statute (both as it existed prior to the 1948 amendment and thereafter) “That it means the end of the school year during which the teacher reaches the age of seventy (70) years”. To hold otherwise is to give a strained construction ta *883 a clear, unambiguous, and reasonable statutory provision.
The judgment appealed from is affirmed at appellant’s cost.